## STATE ex BARRY v GRIFFITH

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3108. Decided Oct. 17, 1939.

Willard Barry, Cleveland, for relator.

Thomas J. Herbert, Attorney General, Columbus; Aubrey Wendt, Asst. Atty. General, Columbus, for respondent.

## OPINION

By HORNBECK, PJ.

Relator on September 8, 1939, filed with the Board of Elections of Cuyahoga County his nominating petition, with the requisite number of signers, for the office of Judge of the Municipal Court of Cleveland for the unexpired term ending December 31, 1939. With the petition relator tendered the proper filing fee which was accepted by said Board of Elections. Said petition was filed more than sixty days before November 7, 1939, the date of the general election for said year.

Thereafter, on September 19, 1939, relator received a letter from the Board of Elections to the effect that his petition had not been filed within time to enable the Board to place his name upon the ballot.

The petition sets forth many other averments which are not essential to illustrate the question presented. This Court granted an alternative writ of mandamus and thereafter respondent answered.

The questions raised by the petition and answer are two: first, is the time

414

within which a candidate for Municipal Judge of the City of Cleveland shall file his nominating petition fixed by §1579-5 or §4785-92, GC? Second, is the action properly instituted against the defendant, the Secretary of State of Ohio? We shall not attempt to discuss the questions at length because time is of the essence of this decision.

Sec. 4785-92, GC is the section of the statute relating in general to public elections and fixing among other things the time within which nominating petitions for certain offices shall be filed. This time is fixed at not later than 6:30 P. M. on the 60th day prior to the election. §1579-5, GC, is specific statutory provision relating exclusively to the Municipal Court of Cleveland and to nomination of Judges by petition and insofar as pertinent provides:

"The judges of the Municipal Court, including the chief justice, shall be nominated by petition * * *. It (the petition) shall be in the general form and shall be signed, verified and filed in in the manner and **within the time required by law for nomination petitions of other nominees for** public office in the City of Cleveland. * * *" (Emphasis ours).

Cleveland is a charter city and by §8 of its charter has provided that nominating petitions for candidates for city public offices, "shall be assembled and filed with the election authorities as one instrument at least forty days prior to the day of the primary election." The date of the primary election in 1939 prior to the general election is October 3rd.

We have no difficulty whatever in concluding that the time within which relator's petition should have been filed is fixed by §1579-5, GC, in conjunction with §8 of the Charter of the City of Cleveland. The identical question has been presented and considered at length in two cases in the Court of Appeals of Cuyahoga County, **Hubbell v Zaller, et; State ex McFadden v Zaller, et,** unreported September 27, 1939.*

The court in its opinion gave careful consideration to the question presented and we are in accord with both the reasoning and the conclusion reached.

On the second question presented, we are of opinion that clearly the action should have been instituted against the Board of Elections of Cuyahoga County and not against the Secretary of State. The Board of Elections was authorized and required to canvass the petitions, determine their sufficiency and order the names of qualified candidates upon the ballot. This right they had in the first instance and though, in probability, they would ordinarily observe the advice of the chief election officer, namely, the Secretary of State, yet it was their obligation to place relator's name on the ballot if he was entitled to have it done. If the writ issued, obviously the command should be directed to the Board of Elections and not to the Secretary of State.

The relator sets up facts purported to estop the respondent from refusing to accept his petitions. This right is predicated upon former rulings of the Board of Elections of Cuyahoga County, because of its acceptance of the fee tendered with the petitions and delay in notifying relator of its refusal to place relator's name on the ballot. The Board could not with knowledge by any act on its part waive the express provisions of the statute. Obviously the relator suffered no loss of any right by the Board's acceptance of his filing fee because the time within which his petition should have been filed had elapsed when they were presented to the Board.

The prayer of the petition will be denied.

---

*The cases of Hubbell v Zaller et al and State ex McFadden v Zaller et al, above mentioned were reported in 136 Oh St 19, subsequent to the writing of this opinion.

BARNES and GEIGER, JJ., concur.