THE STATE, EX REL. FISHER, *v.* BROWN, SECRETARY OF STATE.

[Cite as State, ex rel. Fisher, v. Brown (1972),
32 Ohio St. 2d 23.]

(No. 72-780—Decided November 1, 1972.)

*Messrs. Schottenstein, Garel, Swedlow & Zox* and *Mr. Ronald L. Solove,* for relatrix.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondent.

SCHNEIDER, Acting C. J.   This original action challenges the eligibility of C. William O'Neill to be the candi-

date by nomination of the Republican Party for election in November 1972 as a member of the Ohio House of Representatives for the 28th District and, if elected, to take his seat therein.

In her complaint, relatrix describes herself as a citizen, a taxpayer and a resident of the 28th Ohio House District. She makes no claim that she is also a qualified elector of that district.

She does not challenge the age, citizenship, voting residence, or any other qualification of the candidate, save to allege that since February 1972 he has been and still is a commissioned officer in the United States Navy on active duty.

Relatrix alleges further that O'Neill's active duty status is in fulfillment of a "commitment" made by him for a period of four years, i. e., extending beyond the time he will attempt to assume office as a member of the House of Representatives, if elected.

Respondent has filed an answer, denying for want of knowledge the allegations as to the status of relatrix, but admitting all other facts. He has also filed a motion to dismiss, thus admitting for the purpose of a decision on the motion all allegations of the complaint. Neither party has offered evidence or a stipulation of facts. Treating the motion to dismiss as a motion for judgment on the pleadings, we sustain the motion and dismiss the action, thus denying the writ of mandamus prayed for.

At the outset, we note that relatrix does not explain what is meant by the "commitment" of O'Neill. Nor does she allege as an impossibility that he may not, on January 1, 1973, and thereafter, hold a commissioned rank in the Navy, in which case he would not be barred by Section 4, Article II of the Constitution of this state from taking his seat in the General Assembly if elected thereto. Clearly, the contention that he *cannot* be a candidate because he *may not* qualify for his seat is premature.

Our decision rests upon three bases. The first is that relatrix has shown no dereliction of duty of the respondent Secretary of State with respect to the instant candidacy,

which is for a constituency smaller than a county. It is the county board of elections which is the agency charged with the supervision of the candidacy and election involved, and that board is not a party to this action. R. C. 3505.32, 3505.-33 and 3505.38. The only duty of the Secretary of State is to prescribe the form of the ballot. R. C. 3505.01. See *State, ex rel. Barry,* v. *Griffith* (1939), 30 Ohio Law Abs. 413.

It is arguable, but we do not decide, that in this kind of situation it is the candidate himself who is the only proper party defendant, and that the proper action is one to compel a candidate lacking the requisite qualifications for an office to withdraw. R. C. 3513.30. Whether by inadvertence or design, this action for a writ of mandamus virtually deprives the candidate, who is a real party in interest, of his day in court, for he is not even a proper party hereto.

Our second basis for decision is more substantial. It involves even more basic considerations of candor and fair play. The General Assembly has made no provision for the replacement of a candidate nominated in a primary election or by petition, if either is stricken from the ballot by an order of court. R. C. 3513.30 and 3513.31 provide for the withdrawal of a candidate, which must be accomplished prior to the eightieth day before the general election, whereupon either the designated party committee, in the case of a nominee of a primary election, or the party committee designated in the nominating petition, in the case of an independent candidate, is afforded the opportunity to replace the withdrawing candidate.

Here, relatrix does not state in her complaint that the alleged ineligibility was not known or was not reasonably discoverable. Thus, from the undisputed facts, the inference is inescapable, and it is nowhere disspelled, that relatrix knew, or should have known, of the alleged ineligibility ever since February 1972, or at least since May 1972, when the candidate was certified as a party nominee. On the other hand, the eightieth day prior to the general election of November 7, 1972, was August 19, 1972. Thus, this relatrix had three months or more in which to commence an ac-

tion to assert the claim she now makes in this action, filed as late as October 20, 1972. Moreover, she had more than sufficient time to file an action early enough to permit a decision prior to August 19, 1972, as to whether a "forced" withdrawal of a candidate is within the contemplation of R. C. 3513.30 and 3513.31 (a question which we need not now decide), and consequently whether a replacement candidate may be supplied if the nominated candidate is removed.

This court does not sit in a vacuum. We take judicial notice that O'Neill is opposed by only one other candidate. As the situation now stands as a result of relatrix's unexplained lack of diligence (see *State, ex rel. Bargahiser, v. Bd. of Elections* [1968], 14 Ohio St. 2d 129), no procedure whatever exists at this late date for his replacement by his party if the election authorities should be required by order of court to strike his name from the ballot. See *State, ex rel. Flex, v. Gwin* (1969), 20 Ohio St. 2d 29, 31. In that event, his single opponent would be elected without contest.

The third basis goes to the heart of this suit. We assume, for the purpose of discussion, that a commissioned officer of the United States Navy is, within the contemplation of the constitutional language, an "office [held] under the authority of the United States."

The Constitution of 1802 (Section 26, Article I) provided that no such person "shall be eligible as a candidate for, or have a seat in, the General Assembly." Manifestly, on the admitted facts of this case, the instant candidate would be ineligible if such provision were still in effect.

However, the framers of the Constitution of 1851 redrafted the provision and struck out the words "as a candidate for," substituting therefor the single word "to," in which form that charter was adopted by the people. That amended language has remained to the present date and is contained in Section 4 of Article II, which reads in pertinent part as follows:

"No person holding office under the authority of the United States . . . shall be eligible to, or have a seat in, the General Assembly. . . ."

Relatrix relies on the dictionary definition of the word "eligible," as meaning "fit to be chosen" (*Blacks Law Dictionary* [4 Ed.], 1957), but concedes that "definitions of words alone cannot be determinative." She reviews the Constitutional Debates of 1851 (1 *Ohio Conv. Deb.* [1851], 163; 2 *Ohio Conv. Deb.* [1851], 184, 185, 318, 502), and points to three prior versions of the language proposed by various committees before the convention settled upon the language now a part of the Constitution, all in support of her argument that a naval officer cannot be a candidate for the office of member of the General Assembly.

In our unanimous opinion, reference to those committee versions obscures the fact that the Constitution of 1802 emphasized candidacy for *and* occupancy of the office and the change wrought by the Constitution of 1851 narrowed the emphasis simply to denying the *office* to any one possessed of the disqualifications enumerated.

Our conclusion is in conformity with the overwhelming majority rule that if the constitutional language does not specify that certain enumerated disqualifications for office extend to a candidacy for that office, a court will not so extend them by construction. *State, ex rel. Dostert,* v. *Riggleman* (W. Va. 1972), 187 S. E. 2d 591, and cases cited at 595; *Jordan* v. *Pearce* (1967), 91 Idaho 687, 429 P. 2d 419.

*Writ denied.*

Hunsicker, McLaughlin, Corrigan, Stern, Leach and Brown, JJ., concur.

Schneider, Acting C. J., sitting for O'Neill, C. J.

Hunsicker, J., of the Ninth Appellate District (Retired, and assigned to duty on this court, both pursuant to Section 6(C), Article IV of the Constitution.), sitting for Schneider, J.

McLaughlin, J., of the Fifth Appellate District (Retired, and assigned to duty on this court, both pursuant to Section 6(C), Article IV of the Constitution.), sitting for Herbert, J.