THE STATE, EX REL. SNYDER, V. WHEATCRAFT ET AL.

[Cite as State, ex rel. Snyder, v. Wheatcraft (1974),
37 Ohio St. 2d 53.]

(No. 73-840—Decided February 6, 1974.)

54

*Messrs. Stouffer, Wait & Ashbrook* and *Mr. William G. Harrington*, for relator.

*Mr. Robert L. Brown*, prosecuting attorney, for respondents.

*Per Curiam.* Relator requests this court to order respondents to count the ballots cast on November 6, 1973, and certify the results of the election.

The purpose of the statutes allowing protest to local option election petitions and hearing thereon is for resolution and determination of a protest by a board of elections in sufficient time before the election to allow the orderly processes of campaigning and voting without the uncertainties caused by irresolution of protests.

R. C. 4305.14 and 4301.33 provide that:

"(A) Such board shall, not later than the eighty-fourth day before the day of a general election, examine and determine the sufficiency of the signatures, [and] determine the validity of such petition [for local option] * * *

"(B) If the petition is valid ["sufficient" in R. C. 4301.33] * * * the board * * * shall order the holding of a

special election in the district for the submission of the questions specified * * * on the day of the next general election * * *.

" * * *

" * * * Upon the filing of such protest [against local option petitions] the election officials with whom it is filed shall promptly fix the time for hearing the same * * *. At the time so fixed such election officials shall hear the protest and determine the validity or invalidity of the petition."

Those statutes contemplate the *prompt* hearing of a protest filed to local option election petitions and the *prompt* decision of that protest by a board of elections. In this case, the hearing on October 25 and 26, 1973, was less than two weeks before the election. Furthermore, the time allowed by respondents for the filing of briefs necessarily extended a decision on the protest beyond election day. That decision was not rendered until more than one month after the election. It should be noted, also, that at the September 25, 1973, hearing on the protest respondents, apparently without objection, did not rule on the validity of the petitions, even though that issue was before them.

Under the facts of this case, respondents were under a duty to hear and *finally determine* the protest promptly at the earliest practicable time *before* the election. This, they failed to do.

Therefore, a writ of mandamus is allowed directing the Board of Elections of Crawford County to count the ballots cast in the November 6, 1973, local option election and declare the results of the election.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.