THE STATE OF OHIO, EX REL. WOLFE, *v.* LORAIN COUNTY
BOARD OF ELECTIONS ET AL.

(No. 2645—Decided March 29, 1978.)

*Mr. Milt Schulman,* for relators.
*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr.
J. G. Tassie,* for respondents.

*Per Curiam.* On December 27, 1977, relator, Stanley
Wolfe, filed a petition for a writ of mandamus. The peti-
tion states that one of three councilmen-at-large (elected
in the November 8, 1977, election in the city of Avon) was
illegally elected because this councilman, Thomas Wearsch,
was then an employee of the United States Post Office. Re-
lator contends that R. C. 705.12 prohibits Wearsch from
being elected and holding office because he is such an em-
ployee.

Respondents are the Lorain County Board of Elections and its members.

The relator seeks an order directing respondents: (1) to void, cancel and recall the certificate of election declaring Wearsch elected, and (2) to issue a new certificate to Clive Nagy.

At the subject election, Wearsch and two others were elected from a field of five. Clive Nagy ran fourth and relator ran fifth.

Respondents have filed a motion to dismiss for failure to state a claim upon which relief could be granted.

We find no authority requiring the board to disqualify this candidate because he is a public employee or official. The powers and duties of the respondent board are generally set out in R. C. Title 35. The board's duties include reviewing the validity of petitions and nomination papers, R. C. 3501.11(K); receiving returns of elections, R. C. 3501.11(L); and certifying the results of the election, R. C. 3501.11(H). None of these provisions specifically require performance of the acts prayed for.

Under Ohio election laws, a candidate generally need not qualify for the prospective office in order to run for or be elected to that office. He must be qualified when he assumes that office. These precepts apply to certain disqualifications imposed by the Constitution, *State, ex rel. Fisher, v. Brown* (1972), 32 Ohio St. 2d 23, and by statutes, *State, ex rel. Tilden,* v. *Harbourt* (1940), 70 Ohio App. 417.

We note two examples of a legislative policy against disqualifying candidates for legislative authorities from being elected to, as opposed to actually holding, office on the basis of the candidate's holding other public employment or office.

R. C. 3513.07 regulates the form for declarations of candidacy in primary elections. Such declarations should state: "* * * if elected to said office or position, I will qualify therefor * * *," rather than "I do now qualify * * *," or "I will qualify at the time of election."

R. C. 731.02 requires members of the legislative authority at large of a city to have resided in their wards for at least one year "preceding their election * * *." How-

ever, only when a candidate becomes a member of the legislative authority shall he "not hold any other public office or employment, except * * *."

The only proscription we have found which prevents a candidate from being elected because he holds current office in effect requires judges to resign their judicial positions when running for a non-judicial office. If the judge does not resign, ballots cast for him are void. Section 6(B), Article IV, Ohio Constitution.

Were the law otherwise, potential candidates for municipal legislative authorities who, at the time of filing for candidacy held positions which would disqualify them from taking prospective office, would be effectively discouraged from running for the legislature. Before the election they would be forced to resign their current office or, if the pertinent statute or charter so provided, employment. They would be faced with a choice of not running for election or the possibility of facing loss of office and employment and income if not elected. Under such circumstances, many might choose not to run. The election laws were not intended to so chill the right to be a candidate and to run for office in the legislative authority.

The legislature uses specific language when it intends statutory qualifications to determine eligibility for election rather than for holding office. See *State, ex rel. Cox,* v. *Riffle* (1937), 132 Ohio St. 546, where the court considered a code provision creating eligibility requirements for candidates. Compare, R. C. 1901.06 and R. C. 2301.01 generally requiring certain judges to have been admitted to the practice of law in Ohio for at least six years prior to appointment to or commencement of a term, with R. C. 2501.02 and R. C. 2503.01 creating for other judges admission requirements which must be satisfied prior to appointment or election. See also, R. C. 731.02, discussed *supra.* No such language appears in R. C. 705.12 which reads:

"Qualifications of members of legislative authority.

"Members of the legislative authority of a municipal corporation shall be electors of the municipal corporation. They shall not hold any other public office or employment,

except that of notary public or member of the state militia, or state or county central committeeman of a political party, or state or county executive committeeman of a political party, or state or county officer of a political party, and shall not be interested in the profits or emoluments of any contract, job, work, or service for the municipal corporation. Any member who ceases to possess any of the qualifications required by this section shall forthwith forfeit his office. Any contract in which any such member is or becomes interested may be declared void by the legislative authority."

R. C. 705.12 regulates qualifications of office holders, not of candidates.

It is, therefore, apparent to us that R. C. 705.12 and Title 35 impose no duty on respondents to perform the acts prayed for. Their duties pertain to candidates and elections, not to the qualifications of the office holder after a legal election.

Relator has further failed to show R. C. 705.12 applies here. That statute is part of the statutory provisions for municipal corporations organized under one of the three alternate plans of municipal government established under R. C. Chapter 705. See R. C. 705.07 Qualifications for members of the legislative authority at large in a city organized under a constitutional charter are prescribed by statutory or charter provisions other than R. C. 705.12. See, *State, ex rel. Bindas,* v. *Andrish* (1965), 165 Ohio St. 441; R. C. 731. 02.

The parties claim the city of Avon has a charter, but no evidence concerning the organization of the city of Avon or its charter provisions, if any, has been presented in this court. Relator fails to establish what law would govern the qualifications of a member of Avon's legislative authority. Thus, we cannot say that any particular law, including R. C. 705.12, imposed a duty on respondents to perform the acts prayed for. If Thomas Wearsch is disqualified from holding office, relator's remedy, if any, lies elsewhere.

*Writ denied.*

MAHONEY, P. J., BELL and VICTOR, JJ., concur.