BRINK, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

(No. 83AP-1188 — Decided April 4, 1985.)

*Hugh E. Kirkwood* and *Charles Saunders,* for appellant.

*Michael Miller,* prosecuting attorney, and *Joan Robinson,* for appellee Franklin County Board of Elections.

*Anthony J. Celebrezze, Jr.,* attorney general, *Nathan Gordon* and *James M. Guthrie,* for appellee Carey.

*James C. Thompson,* for appellee Darbydale law director.

STRAUSBAUGH, J. Plaintiff, Jack D. Brink, brings this appeal from the judgment of the Franklin County Court of Common Pleas denying his request for a temporary restraining order and entering judgment in favor of defendants, Franklin County Board of Elections, Richard E. Carey, Director of the Ohio Department of Liquor Control, and the village of Darbydale, on plaintiff's request to declare the election of November 8, 1983 in regard to the local option election in the village of Darbydale, null and void. In support of his appeal, plaintiff raises the following single assignment of error:

"The Trial Court erred in overruling the request for a temporary restraining order and entering judgment in favor of the Defendants."

Several petitions were filed with the Franklin County Board of Elections on August 16, 1983, for a local option election concerning the sale of alcoholic beverages in the village of Darbydale. Plaintiff, who operates a place of business at 5800 Harrisburg-Georgesville Road and possesses a liquor license, filed a protest on September 12, 1983 questioning the validity of some of the signatures appearing on the petitions. On that same day, the board of elections, while in session, took the opportunity to meet with Brink regarding his protest. No time or place was set for hearing other than the meeting held on September 12, 1983, and no notice was sent to either plaintiff or the party who filed the petition of a hearing to be held on the protest.

The board subsequently sent a letter on September 16, 1983 to plaintiff in regard to his protest. In the letter, the board indicated that they could not document the alleged irregularities claimed by plaintiff to have existed on the local option petitions. While the board's investigation did show that one part-petition was invalid, the remaining petitions contained the required number of

valid signatures necessary to place the questions on the general election ballot. On October 13, 1983, the board received a letter from Charles Saunders, as attorney for plaintiff, requesting that a time be set for a hearing on the protest filed against the local option petition. No hearing, however, was set.

The elections were held on November 8, 1983 and the local option passed with a majority of the electorate voting no on all four questions as set forth in R.C. 4301.35. The results of the election were certified on November 18, 1983 and sent to the Secretary of State. Notification of the results was also sent to the Ohio Department of Liquor Control. Plaintiff was then notified by the Ohio Department of Liquor Control on December 18, 1983 that, as a result of the election, his permit was no longer operable in Darbydale.

Plaintiff filed suit on November 23, 1983 against the Franklin County Board of Elections, Richard E. Carey, Director of the Ohio Department of Liquor Control, and the village of Darbydale, claiming that the election on the local option petition was void for reasons that the board failed to comply with the requirements of R.C. 4301.33. Plaintiff requested that a temporary restraining order be issued prohibiting any further action as a result of the election and that upon final hearing the election in regard to the local option election be declared null and void. A hearing was held on the temporary restraining order on December 7, 1983, and on December 13, 1983 the trial court denied the request for a temporary restraining order. The judgment of the trial court was subsequently modified at the request of the plaintiff and on December 15, 1983 an entry was filed wherein the trial court overruled the request for a temporary restraining order and entered judgment in favor of the defendants on the merits.

Plaintiff contends on appeal that R.C. 4301.33 requires that once a protest has been filed the board of elections must promptly fix the time for a full hearing on the protest and give notice to the parties, and that by failing to do so herein his rights were substantially prejudiced.

R.C. 4301.33(B) provides, in pertinent part:

"* * * Upon filing of the protest, the election officials with whom it is filed shall promptly fix the time for hearing it, and shall forthwith mail notice of the filing of the protest and the time for hearing it to the person who filed the petition which is protested. They shall also forthwith mail notice of the time fixed for the hearing to the person who filed the protest. At the time so fixed the election officials shall hear the protest and determine the validity or invalidity of the petition."

The Franklin County Board of Elections did not formally set a date for a hearing and officially notify the parties; however, upon filing of the protest it immediately provided plaintiff with an opportunity to discuss the matter with the board. While the party who filed the petitions did not receive notice of the informal hearing, this in no way prejudiced plaintiff's rights. In addition, plaintiff has failed to demonstrate any prejudice resulting from the hearing held on September 12, 1983.

R.C. 4301.33 contemplates a prompt hearing on a protest filed to a local election petition and a prompt decision on that protest. *State, ex rel. Snyder,* v. *Wheatcraft* (1974), 37 Ohio St. 2d 53 [66 O.O.2d 158]. Here, the Franklin County Board of Elections substantially complied with the requirements of R.C. 4301.33 in reviewing the merits of plaintiff's protest at the hearing held on September 12, 1983.

Further, in election cases, where time is such an important factor, extreme diligence and promptness of action are required. An unexplained lack of diligence on the part of the plaintiff

will deprive him of the relief he seeks. *State, ex rel. Winterfeld,* v. *Bd. of Elections* (1958), 167 Ohio St. 531 [5 O.O.2d 208]; *State, ex rel. Friedlander,* v. *Myers* (1934), 128 Ohio St. 568 [1 O.O. 167]; *State, ex rel. Schwartz,* v. *Brown* (1964), 176 Ohio St. 91 [26 O.O.2d 438]; *State, ex rel. Welden,* v. *Bd. of Elections* (1964), 176 Ohio St. 92 [26 O.O.2d 438]; *State, ex rel. Peirce,* v. *Bd. of Elections* (1958), 168 Ohio St. 249 [6 O.O.2d 339]; *State, ex rel. Bargahiser,* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 129 [43 O.O.2d 238]; *State, ex rel. Fisher,* v. *Brown* (1972), 32 Ohio St. 2d 23 [61 O.O.2d 190]; *State, ex rel. O'Grady,* v. *Brown* (1976), 48 Ohio St. 2d 17 [2 O.O.3d 94]; *Foster* v. *Bd. of Elections* (1977), 53 Ohio App. 2d 213 [7 O.O.3d 282].

As previously noted, a protest to the petitions for a local option election was filed on September 12, 1983. The Franklin County Board of Elections notified plaintiff by mail on September 16, 1983 that his protests had been considered but that the petitions were valid and that the questions would be placed upon the general election ballot. It was not until November 23, 1983, some fifteen days after the election and over sixty days from the date of notification of the board of elections' findings, that plaintiff filed this action.

R.C. 4301.33 requires that a protest against a local option election petition must be filed no later than 4:00 p.m. of the forty-ninth day before the day of the general or primary election for which the petition qualified. Promptness is an important element in any protest both on the part of the party protesting and the board of elections in ruling upon the protest. *Snyder, supra.* To allow a protest to a petition for a local option election to be considered after the general election when an adequate opportunity was available for the plaintiff to challenge the petition beforehand, would unjustly disenfranchise those in the majority who chose to vote in favor of the local option. Therefore, because plaintiff failed to bring this action within a reasonable time after notification of the findings of the board of elections and before the general election was held, he is barred by the doctrine of laches from obtaining the relief sought. Accordingly, plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.