SMITH, AGENT FOR ANNEXATION PETITIONER, ET AL., APPELLANTS,
*v.* GRANVILLE TOWNSHIP BOARD OF TRUSTEES, APPELLEE.

[Cite as *Smith v. Granville Twp. Bd. of Trustees*
(1996), 77 Ohio St.3d 1215.]

(No. 96–2350—Submitted and decided November 4, 1996.)

*Vorys, Sater, Seymour & Pease, Duke W. Thomas* and *Bruce L. Ingram,* for appellants.

*Moots, Cope & Stanton, Wanda L. Carter* and *Susan M. Zidek,* for appellee.

*Daniel W. Drake,* First Assistant City Attorney, for *amici curiae,* city of Columbus and Ohio Municipal Attorneys Association.

*Patricia S. Eshman,* for *amicus curiae,* Ohio Homebuilders Association, Inc.

*John E. Gotherman,* for *amicus curiae,* Ohio Municipal League.

*Edward M. Yosses,* Toledo Director of Law, for *amicus curiae,* city of Toledo.

This cause is pending before the court as a discretionary appeal. Upon consideration of appellants' motion for emergency alternative R.C. 2503.40 "other writ,"

IT IS ORDERED by the court that, with respect to the vote on the conditions of merger by the village of Granville and Granville Township, the Licking County Board of Elections impound the ballots of the November 5, 1996 general election and not count them until further order of the court.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and STRATTON, JJ., dissent.

COOK, J., dissenting. Appellants request, for the third time, the court to issue an "other writ" pursuant to R.C. 2503.40. Currently, appellants seek an order directing the Licking County Board of Elections to impound and not count the ballots to the merger issue on the November 5, 1996 election ballot.

R.C. 2503.40 authorizes this court to issue, in addition to the original jurisdiction conferred by Section 2, Article IV of the Ohio Constitution, "writs of supersedeas in any case, and other writs not specifically provided for and not prohibited by law, when necessary to enforce the administration of justice."

Appellants fail to cite to, nor has our independent review revealed, a single case in which this court has granted such relief. Nonetheless, in this unprecedented decision, the majority issues an "other writ" against a non-party as part of a discretionary appeal. Because I believe the court lacks the authority to issue such a writ under these circumstances, I dissent.

Neither the case law cited by appellants, *State ex rel. Snyder v. Wheatcraft* (1974), 37 Ohio St.2d 53, 66 O.O.2d 158, 307 N.E.2d 258, nor Supreme Court Rules of Practice supports the use of R.C. 2503.40 in a discretionary appeal. Rather, these authorities reveal that the relief sought by appellants is more appropriately pursued as part of a mandamus or other original action.

In *Snyder, supra,* the court had ordered ballots to an election to be impounded as part of a mandamus action against the board of elections. Extraordinary writs, such as mandamus, are pursued through original actions and are instituted by the filing of a complaint. S.Ct.Prac.R. X(4). Appellants seek *Snyder* relief, not through the filing of an original action against the Licking County Board of Elections, but by motion as part of their discretionary appeal from the decision of the Fifth District Court of Appeals.

In addition, the court lacks the authority either to issue a writ against a non-party or to join a party to a discretionary appeal. Joinder pursuant to Civ.R. 19 is not available in an appellate review of a judgment. Civ.R. 1(C)(1). Moreover, the Certificate of Service attached to appellants' motion does not indicate that the Licking County Board of Elections was served with and is even aware of this motion for an "other writ" against it.

Because I believe this court lacks authority to grant a motion for an R.C. 2503.40 "other writ" as part of a discretionary appeal against a non-party, I would deny the motion.

STRATTON, J., concurs in the foregoing dissenting opinion.