DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the judgment of the Summit County Common Pleas Court upholding the magistrate's finding that appellant Reveria Tavern, Inc. ("Reveria") was not entitled to injunctive relief that would have prevented the Summit County Board of Elections (the "Board") from certifying the election results in a referendum placed on the ballot for the general election on November 4, 2003, on the issue of whether to eliminate the sale and consumption of beer and spirituous liquor in Ward 7, Precinct I in the City of Akron. For the following reasons, this Court finds that the Summit County Common Pleas Court properly denied appellant's motion for relief and affirms its judgment.
 I. {¶ 2} Appellant Reveria, dba Belmont Grille, is a restaurant serving beer and spirituous liquor in Ward 7, Precinct I ("Akron 7-I") in the City of Akron under a liquor license issued by the Ohio Division of Liquor Control.
 {¶ 3} David P. Reymann ("Mr. Reymann") was the petitioner and circulator of local option election petitions. In late July and early August 2003, Mr. Reymann and another circulator circulated a petition for election on the question of the sale of beer by C and D permit holders pursuant to part-petitions under R.C.3501.38, 4305.14 and 4305.15.[1] The petition was circulated for the purpose of placing on the ballot in the general election the issue of whether the sale of spirituous liquor should be permitted in Akron 7-I.[2]
 {¶ 4} Appellant protested the validity of the petitions before appellee Board. Appellee Board held a hearing on September 9, 2003. Appellant contends that two issues were presented to appellee with respect to the validity of the partpetitions. The first issue was whether appellee complied with R.C. 3501.38(C) by certifying the petitions. This section requires each person who signs to fill in the name of the city, county and date when he signs the petition. Mr. Reymann admitted that he filled in many of the city, county and date blanks which the person signing failed to fill in. He further admitted that he did not fill them in while in the presence of the person signing.
 {¶ 5} The second issue raised in the protest is whether appellee complied with R.C. 4301.33(A) regarding the manner in which appellant was notified of the petitions. Appellant argues that he did not receive proper notice because the certified mail Mr. Reymann sent misspelled appellant's name. Further, appellant contends he never received the certified mail. The notations on the certified mail indicated "unclaimed" and "other." There was a question whether the term "refused" would have been indicated on the envelope if appellant refused to accept delivery of the certified mail.
 {¶ 6} At the hearing, appellant argued that appellee stated that it would undertake to investigate the circumstances regarding the certified letter. Appellee continued the hearing to September 23, 2003, in order to allow it time to investigate the certified letter and request a prosecutor's opinion regarding the requirements of R.C. 3501.38(C) and 4301.33.
 {¶ 7} At the hearing continued to September 23, 2003, appellee apparently failed to investigate the circumstances regarding the certified letter. Appellee refused to grant appellant additional time to conduct its own investigation. At the conclusion of the hearing, appellee voted to reject appellant's protest.
 {¶ 8} On October 9, 2003, appellant filed a complaint for writ of mandamus, writ of prohibition and injunctive relief in the Summit County Common Pleas Court. The Common Pleas Court assigned the matter to a magistrate. On October 27, 2003, appellee filed its motion for summary judgment and on November 17, 2003, appellant filed its response.
 {¶ 9} During that time, the election was held on November 4, 2003, and the voters voted to "dry up" Akron I-7.
 {¶ 10} The magistrate heard the motion for summary judgment on November 24, 2003, and issued his decision on November 26, 2003, denying appellant's request for relief. The magistrate found that the writ of prohibition and the writ of mandamus were not appropriate vehicles to compel appellee to review its decision upholding the validity of the petitions because the election had already been held.
The magistrate also considered what actions the appellant was permitted to take after the election had been held. The magistrate found that the writ of prohibition would not apply because appellee was not exercising a quasijudicial function in certifying the election results.
 {¶ 11} The magistrate likewise found that a writ of mandamus could not be used after the election has been held because the writ only applies to actions appellee is legally required to take.[3] In this case, the magistrate found that appellant was not seeking to compel appellee to perform any task, but was attempting to prevent it from certifying the election. Hence, the writ would not apply.
 {¶ 12} Finally, the magistrate concluded that injunctive relief was not an appropriate means to review the protest. In conclusion, the magistrate found that appellant pursued procedurally defective means to evaluate the merits of its claims.
 {¶ 13} On December 2, 2003, appellee certified the election results.
 {¶ 14} On December 8, 2003, appellant objected to the magistrate's finding and appellee responded. The trial court issued an order on December 22, 2003, upholding the magistrate's decision.[4] The trial court found that the writ of prohibition may have applied to appellee's denial of appellant's protest, but that it was not available once the election was held. The court also found that a writ of prohibition could not be applied to appellee's act of certifying the election because appellee was not acting in a quasi-judicial function. With respect to other claims for relief, including the request for injunctive relief, the trial court agreed with the magistrate that appellee's certification of the election results on December 2, 2003, rendered appellant's other claims for relief moot.
 {¶ 15} On January 9, 2003, appellant filed a motion for stay of order and the trial court granted the motion. The Ohio Secretary of State is withholding its certification of appellee's certification of the election results pending this Court's resolution of appellant's claims.
 II. {¶ 16} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. TheBeacon Journal Publishing Co. v. Summit Cty. Bd. of Elections
(April 8, 1998), 9th Dist. No. 18182. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Serv. Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208. Under Civ.R.56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 17} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. Any doubt is to be resolved in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 18} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 293. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R.56(C).
 III. {¶ 19} In this case, appellant assigns one error to the magistrate's finding.
 Assignment of Error
"The magistrate erred as a matter of law in failing to pass upon Reveria Tavern, Inc.'s substantive claims and in failing to grant injunctive relief that would have prevented the summit county board of elections from certifying the election results based on violation of election laws and Reveria Tavern, Inc.'s statutory and constitutional rights."
 {¶ 20} In this case, appellant argues that it is entitled to injunctive relief as a remedy to contest a decision of appellee on a protest matter. Appellant argues that injunctive relief is necessary to enjoin appellee from certifying the results of the November 4, 2003, election until its protest matter is properly resolved. Appellant claims that a remedy is necessary because it is precluded from filing an election contest for matters that should have been corrected by pre-elections remedies.[5]
Appellant claims that injunctive relief is an appropriate remedy which may be used to prevent appellee from certifying the election results.
 {¶ 21} Generally, the decisions of a board of elections on protest matters are final. Appellant acknowledges that election board decisions are not subject to appellate review. See Ohio Rev. Code. Ann Section 3513.262;[6] State ex rel. Beck v.Casey (1990), 51 Ohio St.3d 79, 80; State ex rel. Moss v.Franklin Cty. Bd. of Elections (1980), 69 Ohio App. 2d 115. 117. ("[T]he determination of a board of elections with respect to a protest against a nominating petition is not appealable.")
 {¶ 22} A board of election's determinations on protest matters, however, are reviewable for allegations of fraud, corruption, abuse of discretion or clear disregard of statutes or applicable legal provisions. State ex rel. Ruehlmann v. Luken
(1992), 65 Ohio St.3d 1, 2; State ex rel. White v. Franklin Cty.Bd. of Elections (1992), 65 Ohio St.3d 5, 8.
 {¶ 23} In most cases, review of board of election's determinations in protest matters is made by either writ of mandamus or writ of prohibition. Appellant's complaint requested relief under both these writs. In this case, appellant also argues that injunctive relief is appropriate.
 {¶ 24} This Court finds that injunctive relief may have been available as a vehicle to enjoin the board of elections from placing issues raised in protests on the ballot. See Kelli Joe,Inc. v. Cuyahoga Cty. Bd. of Elections (June 9, 1992), 10th Dist. No. 91AP-1421; Prince v. Franklin Cty. Bd. of Elections
(Dec. 24, 1998), 10th Dist. No. 98AP-495; Miles Lee Mkt., Inc.v. Cuyahoga Cty. Bd. of Elections (Mar 16, 1995), 8th Dist. No. 67105.
 {¶ 25} The issue, however, is not limited to whether injunctive relief may have been available to review appellee's determination on a protest matter. This Court must also determine whether injunctive relief is available on a protest matterafter an election has been held.
 {¶ 26} Appellee argues that there is no relief — either by way of prohibition, mandamus or injunction — that is available once the election has passed.
 {¶ 27} Appellant argues that injunctive relief is not rendered moot after the election. It argues that injunctive relief can appropriately be used to enjoin the Secretary of State and the Division of Liquor Control from certifying the results of the election until a review can be made of its protest complaints. In support, it cites the case of Miles Lee Mkt.Inc., supra.
 {¶ 28} In Miles Lee Mkt., Inc., a store holding a liquor permit found out the day before the election that a man was circulating a petition to "dry out" the precinct in which the store was located. The owner of the store contacted the Board of Elections and was told it was too late to file a protest, but that he could pursue post-election remedies. The election was held the next day, November 2, 1993, and the electors voted the precinct "dry."
 {¶ 29} On November 18, 1993, the store owner filed suit contesting the election on the grounds that the purpose of the election petition was misrepresented to the electors. The suit sought declaratory and injunctive relief against the board of elections, the Department of Liquor Control and the Secretary of State.
 {¶ 30} The trial court granted the board's motion for summary judgment and denied the store owner's request for a preliminary injunction to prevent certification of the results, and the results were certified on November 29, 1993. The court, however, restrained the Department of Liquor from canceling the store owner's permit.
 {¶ 31} On appeal, the Eighth District held that a "suit for declaratory and injunctive relief is an available remedy to contest a decision of the Board of Elections on a protest matter for allegations of fraud, corruption, abuse of discretion or disregard of a statute," Miles Lee Mkt. Inc., citing Stateex rel. Beck v. Casey (1990), 51 Ohio St.3d 79 and Kelli Joe,Inc. The Eighth District found the store owner guilty of laches and upheld the trial court's granting of summary judgment in favor of the board. Appellant argues that this case illustrates that injunctive relief is available on a protest matter even after an election is held.
 {¶ 32} This Court has found two other cases dealing with the issue of whether injunctive relief is available to review an election board's decision in a protest matter after an election has been held. In Kelli Joe, Inc., supra, petitions were filed with the board of elections on August 15, 1990, to "dry up" a precinct in which the plaintiff operated a nightclub. The operator filed a protest on September 4, 1990, with the board questioning the validity of some signatures. At the hearing on September 13, 1990, the board invalidated some signatures, but held that the petitions were valid. The election was held on November 6, 1990, and the electors voted to "dry up" the precinct.
 {¶ 33} On November 21, 1990, the operator filed suit against the board of elections, the Secretary of State, and the Director of the Ohio Department of Liquor Control seeking declaratory and injunctive relief declaring the election void and seeking an injunction to enjoin the defendants from certifying the results. The basis of the suits was the operator's allegations that the board failed to comply with the petition protest provisions.
 {¶ 34} The defendants moved to dismiss the complaint for, inter alia, failure to state a claim, and the trial court granted the motion.
 {¶ 35} On appeal, the Tenth District upheld the trial court's granting the motion to dismiss for failure to state a claim. The Tenth District noted that the operator had taken no further action on the denial of his protest until after the election and made no claim that the election was improperly conducted. The court found that R.C. 4301.391[7] did not permit the consideration of any pre-election procedures. The operator had failed to challenge the board's resolution and could not raise such issues post-election. The court therefore upheld the trial court's finding that it did not have jurisdiction to consider the operator's claim.
 {¶ 36} The last case dealing with injunctive relief in protest matters after an election has been held is Prince,
supra. In Prince, the plaintiff filed a protest with the board of elections on February 26, 1998, alleging that there were nonsignatures on the part-petitions. The board denied the protest.
 {¶ 37} On March 16, 1998, plaintiff filed an action in court seeking to enjoin the board from placing the issue in the petitions on the ballot. On March 28, 1988, the Magistate found that plaintiff was not entitled to injunctive relief and on April 21, 1998, the trial court upheld the magistrate's rulings over plaintiff's objections.
 {¶ 38} On appeal, the Tenth District held that Ohio law requires strict adherence to the requirements for signatures. Id. at *3. The Tenth District reversed the trial court and remanded the matter back to the board to determine whether excluding the signatures on the invalid part-petitions rendered it insufficient to be placed on the ballot. Id. at *5 The court also found that the trial court's failure to grant injunctive relief was rendered moot based on the court's determination on the first assignment of error. Id.
 {¶ 39} At the time the Tenth District heard the appeal, the election had already been held and the results sealed pursuant to order of the court. Despite this fact, the court permitted the protest matter to be considered even after the election had been held.
 {¶ 40} This Court finds that protest matters must be brought and resolved before an election is held, or else they are rendered moot and no further remedy is available. State ex rel.Hills Communities, Inc. v. Clermont Cty. Bd. of Elections
(2001), 91 Ohio St.3d 465, 467. ("As we have repeatedly held, `prohibition may issue to prevent the placement of names or issues on a ballot even though a protest hearing has been completed, as long as the election has not yet been held." (Emphasis added.) citing State ex rel. Crossman Communities ofOhio, Inc. v. Greene Cty. Bd. of Elections (1999),87 Ohio St. 3d 132, 136; State ex rel. Bona v. Village of Orange (1999),85 Ohio St.3d 18, 21.
 {¶ 41} Based on this finding, this Court concludes that appellant is precluded from bringing an injunctive action against appellee, Secretary of State or the Division of Liquor Control for allegations arising from a protest matter after an election is held. This Court bases its conclusion on the holdings inMiles Lee Mkt., Inc. and Kelli Joe, Inc., supra. This Court recognizes that the Prince court permitted a suit for injunctive relief to proceed after an election was held. However, that court did not consider the merits of any claims of mootness.
 {¶ 42} This Court finds that the holdings in Miles LeeMkt., Inc. and Kelli Joe Inc. represent the correct application of the law. The mootness doctrine should apply equally to claims for injunctive relief as they do for claims brought under writs of prohibition and mandamus. The rationale for prohibiting protests to be continued after the election is to protect the value of the vote and the integrity of elections:
"[T]o allow a protest to a petition for a local option election to be considered after the general election when an adequate opportunity was available for the plaintiff to challenge the petition beforehand, would unjustly disenfranchise those in the majority who chose to vote in favor of the local option. * *
Kelli Joe, Inc., supra, citing Brink v. Franklin Cty. Bd ofElections (1985), 21 Ohio App.3d 283.
The Kelli Joe, Inc. court continued:
The Supreme Court in State, ex rel. Snyder, v. Wheatcraft
(1974), 37 Ohio St.2d 53, stated that the purpose of the statutes allowing protests to local option election petitions and hearing thereon is to permit resolution and determination of the protests by a board of elections in sufficient time before the election to allow the orderly processes of campaigning and voting without the uncertainties caused by irresolution of protests."
 {¶ 43} Further, prohibiting pre-election contests from interfering with postelection results furthers the public policy favoring free competitive elections. Stern v. Bd. of Electionsof Cuyahoga Cty (1968), 14 Ohio St 2d 175, 184; State ex rel.Ashbrook v. Brown (1988), 39 Ohio St.3d 115.
 {¶ 44} For the foregoing reasons, this Court finds that appellant is precluded on the grounds of mootness from asserting any claim for injunctive relief for preelection protest matters which were not resolved before the election was held.
 IV. {¶ 45} Even if injunctive relief were available, we would still find that appellant is precluded from relief on the grounds of laches. In an election setting, extreme diligence is required in prosecuting an action. State ex rel. Ascani v. Stark Cty. Bd.of Elections (1998), 83 Ohio St.3d 490, 493; State ex rel.White v. Franklin Cty. Bd. of Elections (1992),65 Ohio St.3d 45, 48-49; Foster v. Bd. of Elections (1977),53 Ohio App.2d 213,224. If the party seeking relief fails to exercise that extreme diligence prior to the election, then he will be precluded from obtaining relief after the election.
 {¶ 46} Laches requires a showing of: (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) material prejudice to the other party.State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted
(1992), 64 Ohio St.3d 530 at 536.
 {¶ 47} In Miles Lee Market, Inc., supra, the court found that the plaintiff was precluded from seeking injunctive relief on the grounds of laches. In that case, the plaintiff brought suit after the election. The court found that the plaintiff could have, by timely investigation, discovered problems with the petition such that he could have brought a protest prior to the election. It found the board was materially prejudiced by appellant's untimely protest because it had already printed the ballots and issued absentee ballots. Consequently, the Eighth District found that the trial court appropriately granted the board's motion for summary judgment.
 {¶ 48} In Kelli Joe, the operator filed a protest on September 4, 1990, with the board questioning the validity of some signatures. At the hearing on September 13, 1990, the board invalidated some signatures, but held that the petitions were valid. The election was held on November 6, 1990, and the electors voted to "dry up" the precinct.
 {¶ 49} On November 21, 1990, the operator filed suit against the board of Elections, the Secretary of State, and the Director of the Ohio Department of Liquor Control, seeking declaratory and injunctive relief declaring the election void and seeking an injunction against the defendants from certifying the results. The court held that the suit was moot. The Tenth District noted that the operator had taken no further action on the denial of his protest until after the election and made no claim that the election was improperly conducted. The court found that R.C.4301.391 did not permit the consideration of any pre-election procedures. The court found that there was sufficient time as a matter of law to bring a legal action contesting the board's determination prior to the general election
 {¶ 50} Similar cases have likewise precluded a party from seeking remedies for protest matters after an election on the grounds of laches. In State ex rel. Hills Communities, Inc.,
supra at 468, the plaintiff filed a complaint on September 14, 2000, in the appeals court for a writ of prohibition to prevent the board of elections from submitting a zoning amendment at the November 7th election. Both parties filed briefs and the court of appeals denied the writ on October 18, 2000. At the November 7, 2000 election, the voters rejected the zoning amendment.
 {¶ 51} The plaintiff appealed the court's decision on December 4, 2000. This date was forty-seven days after the court's judgment and twenty-seven days after the November 7th election. The case was not barred from consideration on the grounds that the normal 30-day appeal time had expired because the case originated in the appeal courts and appeal was of right to the Ohio Supreme Court. Id. at 466. The case was brought pursuant to R.C. 519.12(H) regarding amendments to zoning resolutions. Id.
 {¶ 52} Though there was no issue regarding the timeliness of the appeal, the Ohio Supreme Court held that the plaintiff was precluded from relief on the grounds of laches by his failure to timely prosecute his case after the appeals court had issued its decision denying the writ of prohibition and before the election was held. Id. at 467-68.
 {¶ 53} In State ex rel. Bona, supra, petitioners sought to place a referendum on the November 3, 1998 ballot. The Village council refused to place the referendum on the ballot. The petitioners filed a complaint with the court of appeals requesting that a writ of mandamus be issued to the Village council to reconsider the ordinance. Like State ex rel. HillsCommunities, Inc., this matter was a referendum for which an action could be commenced in the appeals courts. Appeals were to the Ohio Supreme Court as of right.
 {¶ 54} On July 28, 1999, the Tenth District denied the writ and petitioners waited until September 1, 1999 to file their notice of appeal, a delay of 35 days. They waited another forty days, to the day of the election, to file their merit brief. They did not request expedited treatment of the appeal. The court found their actions constituted laches which precluded the petitioners from obtaining relief even though the appeal was timely. Id. at 21.
 {¶ 55} In cases not barred by laches, the parties have ensured that their protests are resolved — including a hearing before the board and any review thereafter — before the election. To ensure that resolution, the parties have requested expedited briefing schedules. Keenan v. Leis (1998), 81 Ohio St.3d 1430. In State ex rel. Sinay v. Sodders (1997), 80 Ohio St.3d 224, the party requested an expedited briefing and review schedule and filed its merit brief within seven days of the notice of appeal, all of which permitted the court to hear the matter before the general election. Likewise, in State ex rel. Arnett v.Winemiller (1997), 80 Ohio St.3d 255, the party filed a motion to expedite the appeal and filed its merit brief in time for the court to consider the matter before the election.
 {¶ 56} In this case, appellant did none of these things. On September 23, 2003, appellee denied appellant's protest. Appellant waited over two weeks before filing suit in the common pleas court on October 9, 2003. Between October 9, 2003, and the election over three weeks away on November 4, 2003, appellant did nothing to ensure that review of its protest would take place before the election.
 {¶ 57} Appellant had from September 23 through November 2, 2003 — a period of almost six weeks — to ensure that its protest review was heard, yet did nothing to ensure that it was heard.[8] This is not the type of "extreme diligence" appellant needed to pursue to ensure that its protest appeal was heard before the election.
 {¶ 58} This Court finds that appellant's lack of diligence in pursuing review of its protest constitutes laches It had ample opportunity to pursue the claim prior to the election and it failed to do so. The election and the certification subsequent thereto should not be held in abeyance because of the dilatory manner in which appellant pursued its claims.
 V. {¶ 59} For the foregoing reasons, this Court finds that the Summit County Common Pleas Court properly denied appellant's request for injunctive relief against the Summit County Board of Elections, the Secretary of State and the Division of Liquor Control and affirms the trial court's order.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J., concur.
[1] Apparently, there were two local option petitions circulating for the purpose of placing two questions on the ballot which affected appellant's liquor license.
[2] Appellant asserts that Mr. Reymann specifically targeted Reveria with the intent to oust it from Akron 7-I.
[3] The magistrate noted that a writ of mandamus may have been available to appellant prior to the election to prevent appellee from placing the referendum on the ballot because of the invalid petitions.
[4] Both parties and the trial court agreed that the magistrate erred in finding that the appellant's remedy to stop certification of the election result was subject to appeal under R.C. 2506.
[5] There is no question that pre-election matters that should have been raised in a protest cannot later be brought in an election contest procedure. Portis v. Summit Cty. Bd. ofElections (1993), 67 Ohio St.3d 590.
[6] Ohio Revised Code 3513.262: "They [the election board] shall also forthwith mail notice of the time and place fixed for the hearing to the person who filed the protest. At the time fixed, such election officials shall hear the protest and determine the validity or invalidity of the petition. Such determination shall be final."
[7] R.C. § 4301.391states that "[n]o permit premises shall remain in operation inconsistent with the results of a local option election after the thirty day period set forth in section4301.39 of the Revised Code and no court other than in a recount or election contest shall suspend or hold in abeyance any restriction or cancellation brought about by a local option election pursuant to sections 4301.32 to 4301.41, inclusive, and4305.14 of the Revised Code."
[8] It is very likely that appellant had even more time than the six weeks this Court is attributing. The record does not disclose when appellant first learned of Mr. Reymann's alleged wrongdoing on the petitions or when the certified letter was dated. Appellant may have had additional time before it filed its protest with appellee.