THE STATE, EX REL. CAPPELLETTI ET AL., *v.*
CELEBREZZE, JR., SECY. OF STATE, ET AL.

(No. 80-1323—Decided October 2, 1980.)

*Messrs. Clayman & Jaffy* and *Mr. Stewart R. Jaffy,* for relators.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for respondents.

*Per Curiam.*

Section 1*g,* Article II of the Ohio Constitution, provides, in part:

"***The ballot language shall be prescribed by the Ohio ballot board in the same manner, and *subject to the same terms and conditions,* as apply to issues submitted to the general assembly pursuant to section 1 of Article XVI of this constitution.***" (Emphasis added.)

Section 1, Article XVI, provides, in pertinent part, as follows:

"The supreme court shall have exclusive, original jurisdiction in all cases challenging the adoption or submission of a proposed constitutional amendment to the electors. No such case challenging the ballot language, the explanation, or the actions or procedures of the general assembly in

adopting and submitting a constitutional amendment shall be filed later than sixty-four days before the election. The ballot language shall not be held invalid unless it is such as to mislead, deceive, or defraud the voters."

Relators, who filed the instant action less than 64 days before the election, argue that the filing deadline contained in Section 1, Article XVI, does not apply to an initiative petition, but only applies to amendments to the Constitution by the General Assembly. We disagree. We find the 64-day time limitation in Section 1 of Article XVI to be a "term and condition" incorporated into Section 1*g*, Article II, and, therefore, applicable to this initiative petition. Relators did not comply with this requirement.

In this case, relators had the opportunity to learn of the ballot language when the Secretary of State made the language public in the early part of August. Yet, relators failed to file this action until September 19. Relators' lack of diligence and failure to timely file this action according to the constitutional requirements results in this court's lack of jurisdiction to determine the validity of the ballot language. See *State, ex rel. Vail,* v. *Fulton* (1917), 97 Ohio St. 325. At this late date, relators' attack on the ballot title is also without merit.

For the foregoing reasons, respondents' motion for summary judgment is granted, and the cause is dismissed.

*Cause dismissed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

CELEBREZZE, C. J., concurring. Although I concur in the opinion of the court, I believe that there is a distinction between ballot title and ballot language, as well as a difference in the time limitations for the filing of an action challenging the ballot language and for one challenging the ballot title.

The language, at issue in this cause, in Section 1*g* of Article II of the Ohio Constitution, refers only to the ballot *language*. There is no reference to the ballot *title*. Therefore, although the ballot language is subject to this court's jurisdiction under the 64-day requirement of Section 1 of Article XVI, a challenge to the ballot title is not.

The legislature has specifically enacted statutes dealing with the preparation of the ballot title. See R. C. 3501.05(H)[1] and 3519.21.[2] If these laws concerning ballot title were meant to be repealed by the constitutional amendments, they were not. The legislature has refrained from repealing them, and their constitutionality has not been raised by either side in this action nor has any suggestion of repeal by implication been intimated. One must conclude that their efficacy is self-evident.

The General Assembly has not provided a time limitation within which to attack a ballot title. Nevertheless, it is well established that in election matters, where time is of the essence, extreme diligence and promptness of action are required. See *State, ex rel. O'Grady,* v. *Brown* (1976), 48 Ohio St. 2d 17; *State, ex rel. Fisher,* v. *Brown* (1972), 32 Ohio St. 2d 23; *State, ex rel. Schwartz,* v. *Brown* (1964), 176 Ohio St. 91. I concur in denying consideration of relators' ballot title allegations on the basis that relators' action was not timely filed.

---

[1] R. C. 3501.05 provides, in part:
"The secretary of state shall:
"* * *

"(H) Prepare the ballot title or statement to be placed on the ballot for any proposed law or amendment to the constitution to be submitted to the voters of the state * * *."

[2] R. C. 3519.21 provides, in part:
"* * * In preparing such a ballot title the secretary of state or the board [of elections] shall give a true and impartial statement of the measures in such language that the ballot title shall not be likely to create prejudice to or against the measure. The person or committee promoting such measure may submit to the secretary of state or the board a suggested ballot title, which shall be given full consideration by the secretary of state or board in determining the ballot title. * * *"