THE STATE EX REL. OHIO ROUNDTABLE, INC. ET AL. *v.* TAFT, CHAIRMAN OF THE OHIO BALLOT BOARD AND SECRETARY OF STATE, ET AL.

[Cite as *State ex rel. Ohio Roundtable, Inc. v. Taft* (1996), 76 Ohio St.3d 643.]

(No. 96–2027—Submitted September 16, 1996—Decided September 17, 1996.)

*McTigue & Brooks* and *Donald J. McTigue,* for relators.

*Betty D. Montgomery,* Attorney General; *Bricker & Eckler, Thomas E. Workman, Randolph C. Wiseman* and *Sarah J. DeBruin,* for respondents.

*Per Curiam.* Relators claim that they are entitled to the requested extraordinary relief in mandamus pursuant to Section 1g, Article II and Section 1, Article XVI of the Ohio Constitution. However, relators are not entitled to the requested relief because they failed to comply with the constitutional time requirement for bringing an action to challenge the ballot language of a proposed constitutional amendment.

Section 1g, Article II of the Ohio Constitution provides:

" * * * The secretary of state shall cause to be placed upon the ballots, the ballot language for any such law, or proposed law, or proposed amendment to the constitution, to be submitted. The ballot language shall be prescribed by the Ohio ballot board in the same manner, and subject to the same terms and conditions, as apply to issues submitted by the general assembly pursuant to Section 1 of Article XVI of the constitution."

Section 1, Article XVI of the Ohio Constitution provides:

"The supreme court shall have exclusive, original jurisdiction in all cases challenging the adoption or submission of a proposed constitutional amendment to the electors. No such case challenging the ballot language * * * shall be filed later than sixty-four days before the election."

Relators filed this action challenging the ballot language of the proposed constitutional amendment on September 3, sixty-three days before the November 5 election. Since relators filed this action later than sixty-four days before the election, their action is barred by Section 1, Article XVI of the Ohio Constitution. *State ex rel. Cramer v. Brown* (1983), 7 Ohio St.3d 5, 6, 7 OBR 317, 317–318, 454 N.E.2d 1321, 1322; *State ex rel. Cappelletti v. Celebrezze* (1980), 64 Ohio St.2d 1, 3, 18 O.O.3d 38, 38–39, 411 N.E.2d 193, 194. Further, the fact that the sixty-fourth day before the election fell on Labor Day does not modify this result because the Ohio Constitution does not contain a provision similar to R.C. 1.14, which applies to statutory time requirements. See *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 75 Ohio St.3d 381, 383–384, 662 N.E.2d 339, 342 (reaffirming principle that subordinate authority must always yield to contrary paramount authority, *i.e.*, the Ohio Constitution).

Based on the foregoing, relators failed to properly invoke the jurisdiction of the court under Section 1, Article XVI of the Ohio Constitution. We grant respondents' motion and dismiss the cause.

*Cause dismissed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and STRATTON, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. S.Ct.Prac.R. X(2) provides, in part, that "[a]ll original actions shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable." In computing time for filing a pleading, Civ.R. 6(A) provides, in part, that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

The issue upon which the majority decides this case is one of procedure—not substance. The various rules of court govern procedure. The majority's citation of *State ex rel. Huebner v. W. Jefferson Village Council* (1995), 75 Ohio St.3d 381, 662 N.E.2d 339, is not on point. The last day for relators to have filed within the provision cited by the majority was Labor Day. R.C. 1.14(F) provides for "[t]he first Monday in September" (Labor Day) to be a legal holiday. Therefore, relator's complaint should not be dismissed on this ground.

Accordingly, I respectfully dissent.

STRATTON, J., concurs in the foregoing dissenting opinion.