[Cite as *State v. Oden*, 2014-Ohio-2752.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27151 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MAURICE D. ODEN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 06 1486 |

DECISION AND JOURNAL ENTRY

Dated: June 25, 2014

MOORE, Judge.

{¶1} Defendant, Maurice Oden, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 30, 2013, while patrolling the neighborhood with his partner, Officer Jeffrey Woolley of the Akron Police Department observed Mr. Oden standing in the parking lot of an apartment building on Second Avenue in Akron, Ohio. When the officers drove by, Officer Woolley witnessed Mr. Oden reach his hand into and out of the window of a car parked next to where he stood. Believing a drug transaction may have taken place, the officers pulled into the parking lot. Upon seeing the police cruiser, Mr. Oden turned away so that his hands were not visible to the officers. Officer Woolley then left his car and stopped Mr. Oden on foot. As a result of a subsequent pat-down search of Mr. Oden, the officers discovered a loaded firearm and a bag of crack cocaine on Mr. Oden's person.

**{¶3}** Thereafter, the Summit County Grand Jury indicted Mr. Oden on the following charges: carrying concealed weapons in violation of R.C. 2923.12(A)(2), possession of cocaine in violation of R.C. 2925.11(A)/(C)(4), and obstructing official business in violation of R.C. 2921.31(A). Mr. Oden pleaded not guilty at his arraignment, and he later filed a motion to suppress evidence. The trial court denied the motion, and Mr. Oden amended his plea to no contest. The trial court found Mr. Oden guilty and imposed sentence. Mr. Oden timely filed a notice of appeal, and he now raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING [MR. ODEN]'S MOTION TO SUPPRESS.

**{¶4}** In his sole assignment of error, Mr. Oden argues that the trial court erred by failing to grant his motion to suppress the evidence. We disagree.

> Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied). Here, Mr. Oden does not challenge the trial court's findings of fact, which we accept as supported by competent, credible evidence.

**{¶5}** On the date at issue, Officer Woolley and his partner were patrolling the area around Second Street, when they witnessed Mr. Oden standing in an apartment building's

parking lot next to a car. The area of the apartment building was a known drug area, as a number of drug complaints and arrests had been made at that location. While driving past the parking lot, Officer Woolley saw Mr. Oden reach into the parked car. Because of the area, and because of Mr. Oden's action of placing his hand in the parked car, Officer Woolley was concerned that a drug exchange had taken place. The officers decided to further investigate by driving around the block and pulling into the parking lot. When Mr. Oden spotted the cruiser, he turned around, so that his hands were not visible. Officer Woolley, based upon his experience, believed this action to have been consistent with hiding or removing a weapon or destroying contraband. Officer Woolley then exited the patrol vehicle, and stopped Mr. Oden by grabbing his hands.

{¶6} In his motion to suppress, Mr. Oden argued that the officer lacked a reasonable articulable suspicion of criminal behavior to justify stopping him.

{¶7} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit law enforcement officers from conducting unreasonable and warrantless searches and seizures. When a police officer stops and detains an individual, the stop is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Courts are required to exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961).

{¶8} To comply with the provisions of the Fourth Amendment in the context of a warrantless investigative stop, a law enforcement officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The propriety of an investigative stop should be reviewed in light of the totality of the circumstances. *State v. Freeman*, 64 Ohio St.2d

291 (1980), paragraph one of the syllabus. The totality of the circumstances are "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Carano*, 9th Dist. Summit No. 26544, 2013-Ohio-1633, ¶ 8, quoting *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C.Cir.1976). "A totality of the circumstances review includes consideration of '(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances.'" *Carano* at ¶ 8, quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179. "The reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely in determining whether an investigative stop is warranted." (Internal quotation omitted.) *Bobo* at 179.

{¶9} Mr. Oden maintains that the officers lacked a reasonable suspicion of criminal activity because the officers did not witness Mr. Oden with any contraband prior to the stop, and because his presence in a known drug area alone is insufficient to justify a stop. However, the officers need not witness criminal activity in order to have reasonable suspicion that criminal activity is afoot. *See State v. Caynon*, 9th Dist. Summit No. 26559, 2013-Ohio-2789, ¶ 12 ("This Court has * * * recognized that reasonable suspicion is something less than probable cause." (Quotation and citations omitted.)). Further, the stop was not based solely upon Mr. Oden's presence in the area. Instead, it was only one factor upon which the officer relied in making the stop. The officer also testified to observing Mr. Oden reach into a vehicle and then turn away from the officers so that his hands were not visible to them. Based upon the totality of the circumstances here, including the location, the officer's experience, and the conduct of Mr.

Oden, we conclude that the officer had reasonable suspicion of criminal activity to support the investigative stop. *See Carano* at ¶ 8

{¶10} On appeal, Mr. Oden also argues that Officer Woolley lacked a reasonable suspicion that he was armed and dangerous to support a pat-down search of his person. This argument was not raised in Mr. Oden's motion to suppress. Instead, he limited his suppression argument to the propriety of the initial stop, and defense counsel confirmed just prior to the commencement of the suppression hearing that the suppression issues pertained to "reasonable suspicion for the stop." The officer provided no testimony as to any events that occurred after he grabbed ahold of Mr. Oden's hands. Although the officer indicated that *he intended* to pat down Mr. Oden when he restrained his hands, it is unclear from the transcript before us when the pat-down search occurred, and whether any additional factors may have influenced the officer's decision to conduct a pat-down after the stop. This record is limited in this regard because of the limited motion, and because defense counsel objected to testimony as to any events transpiring after the officer's initial detention of Mr. Oden as irrelevant to his motion. Accordingly, as the propriety of the pat-down search was not a basis for suppression provided in Mr. Oden's motion, we conclude that Mr. Oden has forfeited this argument for purposes of appeal. *See State v. Lanik*, 9th Dist. Summit Nos. 26192, 26224, 2013-Ohio-361, ¶ 12 (declining to review arguments that were not raised in the trial court pertaining to a motion to suppress), and *State v. Walters*, 9th Dist. Medina No. 11CA0039-M, 2012-Ohio-2429, ¶ 6. Therefore, Mr. Oden's sole assignment of error is overruled.

III.

{¶11} Accordingly, Mr. Oden's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING.

{¶12} I concur in the majority opinion. I write separately to emphasize that the record in this case contains more than the mere observation of innocuous behavior. For example, Officer Woolley observed Mr. Oden in a known-drug location. In fact, Officer Woolley testified that he was aware of a number drug complaints from the specific apartment complex where he saw Mr.

Oden. Officer Woolley saw Mr. Oden reach into a parked vehicle and then, when Mr. Oden observed the officers, he turned his body, obscuring his hands, and made what Officer Woolley described as furtive movements. The facts in this case go beyond observing a person in a high crime area or observing a person reaching into a parked vehicle. Thus, under the totality of the circumstances present in this case, I agree that Officer Woolley possessed reasonable, articulable suspicion of criminal activity such that an investigatory stop was reasonable.

APPEARANCES:

NICHOLAS J. HORRIGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.