[Cite as *State v. Holler*, 2021-Ohio-4599.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 21AP0013 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS R. HOLLER | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2020 CRC-I 000436 |

## DECISION AND JOURNAL ENTRY

Dated: December 30, 2021

CALLAHAN, Judge.

{¶1}   Defendant-Appellant, Thomas Holler, appeals from the judgment of the Wayne County Court of Common Pleas, denying his motion to suppress.  This Court reverses and remands this matter for further proceedings.

## I.

{¶2}   Deputy Alec Mills was traveling southbound on State Route 585 when he saw a vehicle ahead of him travel over the double yellow line.  He increased his speed and, when he closed the gap between his cruiser and the vehicle, he also saw the vehicle had an inoperable license plate light.  Based on his observations, Deputy Mills stopped the vehicle.

{¶3}   Mr. Holler was the driver of the vehicle.  When Deputy Mills spoke with Mr. Holler, he noted that Mr. Holler appeared to be very nervous and was visibly shaking.  He collected Mr. Holler's information and briefly returned to his cruiser before reapproaching Mr. Holler's vehicle.  During their second exchange, Deputy Mills asked Mr. Holler additional

questions, and Mr. Holler admitted he had consumed one beer. Deputy Mills then had Mr. Holler exit his vehicle and walk to the front of the deputy's cruiser. While standing outside, Mr. Holler admitted there was an open container of alcohol in his car. Deputy Mills asked him several follow-up questions, and Mr. Holler also admitted that he had a concealed firearm in the car. Following those admissions, the deputy placed Mr. Holler in handcuffs and searched him and his vehicle. The searches uncovered a pill in Mr. Holler's pocket as well as pills and a firearm in the vehicle.

{¶4} Mr. Holler was charged with improperly handling a firearm in a motor vehicle, carrying a concealed weapon, violation of lanes of travel on roadways, aggravated possession of drugs, and possession of drugs. His weapons charges also carried forfeiture specifications for the gun found in his possession. Mr. Holler filed a motion to suppress, and the trial court held a hearing on his motion. Following the hearing, the trial court denied the motion to suppress, and Mr. Holler pleaded no contest to each of his charges and specifications. The trial court sentenced him to two years of community control and ordered his firearm forfeited.

{¶5} Mr. Holler now appeals from the trial court's denial of his motion to suppress and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING MR. HOLLER'S MOTION TO SUPPRESS.

{¶6} In his sole assignment of error, Mr. Holler argues that the trial court erred by denying his motion to suppress. He argues that Deputy Mills lacked a constitutional basis to order him out of his vehicle and to extend his detention beyond the initial purpose for his traffic

stop. He also argues that the trial court erred when it found that he consented to a search of his vehicle. For the following reasons, this Court sustains his assignment of error.

{¶7} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶8} "[A] police officer who observes a traffic violation possesses reasonable suspicion to conduct an investigatory stop." *State v. Jackson*, 9th Dist. Lorain No. 14CA010555, 2015-Ohio-2473, ¶ 15. Once a motorist has been lawfully detained, an investigatory stop generally "may last no longer than necessary to accomplish the initial goal of the stop." *State v. Rackow*, 9th Dist. Wayne No. 06CA0066, 2008-Ohio-507, ¶ 8. *Accord Rodriguez v. United States*, 575 U.S. 348, 354 (2015). The officer may order the motorist to step out of his vehicle without any additional suspicion of criminal activity. *State v. Evans*, 67 Ohio St.3d 405, 407 (1993), citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). Additionally, "the officer may briefly extend [the] seizure to ask about the presence of illegal drugs or weapons." *State v. Bramley*, 9th Dist. Medina No. 17CA0033-M, 2017-Ohio-8512, ¶ 8, citing *State v. Robinette*, 80 Ohio St.3d 234, 241 (1997). That initial inquiry need not be based on reasonable suspicion and, if the officer

"ascertain[s] reasonably articulable facts giving rise to a suspicion of criminal activity [during that inquiry], the officer may then further detain and implement a more in-depth investigation of the individual." *Robinette* at 241. "If facts giving rise to reasonable suspicion do not present themselves, however, '[a] continued detention to conduct a search constitutes an illegal seizure.'" *Bramley* at ¶ 8, quoting *Robinette* at paragraph one of the syllabus.

{¶9} The trial court found that Deputy Mills stopped Mr. Holler's vehicle because he witnessed a lanes violation and an equipment violation. When the deputy approached Mr. Holler, the trial court found, Mr. Holler appeared nervous, his hands were shaking, and his stomach was visibly trembling. The trial court found that Deputy Mills returned to his cruiser to check Mr. Holler's license and registration and did not uncover any outstanding warrants or abnormalities. The deputy then had further conversation with Mr. Holler, during which Mr. Holler admitted having consumed one beer. The trial court found that the deputy asked Mr. Holler to exit his vehicle "to further inquire, particularly about [his] nervousness."

{¶10} The trial court found that, after Mr. Holler exited his vehicle, he admitted having an open container of alcohol in a cooler in the back seat. It was the trial court's finding that Mr. Holler then consented to a search of his vehicle and the search uncovered an open container of alcohol, a handgun, and Adderall pills. The trial court determined that Deputy Mills conducted a lawful traffic stop and could "briefly detain [Mr. Holler] without reasonably articulable facts giving rise to suspicion of criminal activity." Because the trial court concluded that the stop and detention were lawful and Mr. Holler consented to a vehicle search, it denied Mr. Holler's motion to suppress.

{¶11} Mr. Holler argues that the trial court erred when it denied his motion to suppress because Deputy Mills lacked a constitutional basis to order him out of his vehicle and to extend

his detention beyond the initial purpose for his traffic stop. He notes that Deputy Mills asked him whether any contraband was present while he was still seated inside his vehicle. According to Mr. Holler, once he answered the deputy's question and denied having any contraband, Deputy Mills could not continue to detain him for the purpose of conducting a criminal investigation in the absence of reasonable suspicion. He argues that the deputy lacked a basis to extend his detention and question him outside his vehicle. He also argues that he never consented to a vehicle search and the trial court's finding to the contrary is not based on competent, credible evidence.

{¶12} To the extent Mr. Holler challenges the trial court's determination that he consented to a search of his vehicle, the record reflects that he did not preserve that issue in the lower court. Mr. Holler did not challenge the issue of consent to search in his motion to suppress or at the hearing on his motion. Thus, he forfeited that argument, and this Court will not address it. *See State v. Jones*, 9th Dist. Medina No. 17CA0070-M, 2019-Ohio-60, ¶ 15; *State v. Oden*, 9th Dist. Summit No. 27151, 2014-Ohio-2752, ¶ 10.

{¶13} Mr. Holler has not challenged any of the trial court's factual findings regarding his initial traffic stop or the detention that occurred up until the point that he allegedly consented to a search of his vehicle. Because he has not challenged those findings and the record contains competent, credible evidence in support of those findings, this Court accepts them as true and limits its review to the legal issues Mr. Holler has raised on appeal. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.

{¶14} Upon review of the trial court's entry, it appears that the trial court only considered whether Mr. Holler's traffic stop and initial detention were lawful. The trial court determined that the traffic stop was lawful and that it justified Mr. Holler's brief detention. It

further determined that, "[s]ince the brief detention was lawful, the subsequent consent to search was also lawful." It does not appear that the trial court considered Mr. Holler's argument that his *continued* detention was unlawful because it was not based on reasonable suspicion.

{¶15} At the suppression hearing, Mr. Holler specifically argued that Deputy Mills unlawfully prolonged his detention and initiated a criminal investigation in the absence of reasonable suspicion. He also argued in his motion to suppress that his continued detention was unconstitutional because Deputy Mills lacked reasonable suspicion to detain him for additional questioning or the administration of field sobriety testing. Even if Mr. Holler's initial detention was lawful, the lawfulness of his continued detention was a separate issue. The fact that Deputy Mills could lawfully instruct Mr. Holler to exit his vehicle pursuant to *Pennsylvania v. Mimms* did not resolve the issue of whether the deputy could lawfully question Mr. Holler about any contraband he might have. *See Robinette*, 80 Ohio St.3d at 239-240; *Evans*, 67 Ohio St.3d at 407. The trial court did not consider the impact of (1) Mr. Holler's response to the deputy's initial inquiry about contraband, or (2) the additional inquiries the deputy made once Mr. Holler responded. Nor did it consider whether any continued detention that might have occurred was based on reasonable suspicion, such that it was justified. Were this Court to address those issues in the first instance, it would be "usurping the role of the trial court and exceeding its authority on appeal." *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21.

{¶16} As a reviewing court, this Court will not consider for the first time on appeal issues that have not been decided by the trial court. *Id.* Accordingly, this Court reverses and remands this matter for the trial court to consider Mr. Holler's arguments regarding the legality of his continued detention in the first instance. *See State v. Butcher*, 9th Dist. Medina No.

19CA0038-M, 2020-Ohio-3524, ¶ 15; *State v. Kline*, 9th Dist. Summit No. 29432, 2020-Ohio-23, ¶ 8. Mr. Holler's assignment of error is sustained on that basis.

### III.

{¶17} Mr. Holler's assignment of error is sustained for the reasons outlined above. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JONATHAN HAMERS, Assistant Prosecuting Attorney, for Appellee.