[Cite as *In re Adoption of M.E.W.*, 2024-Ohio-234.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: ADOPTION OF M.E.W.

C.A. No.  30787

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  2022 AD 021

DECISION AND JOURNAL ENTRY

Dated: January 24, 2024

FLAGG LANZINGER, Judge.

{¶1}   Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Probate Division, that found that her consent to adoption of her biological child was not required.  This Court reverses and remands.

I.

{¶2}   Mother and Father are the biological parents of M.E.W., born January 19, 2009. The parents were never married.  In 2012, the Summit County Juvenile Court awarded Father legal custody of the child and granted Mother parenting time pursuant to the juvenile court's standard order of visitation.

{¶3}   Father later married Appellee ("Petitioner" or "Stepmother").  On February 23, 2022, Stepmother filed a petition for adoption of M.E.W.  Father consented to the adoption. Petitioner alleged that Mother's consent was not required because she had failed both to have more

than de minimis contact with the child and to provide support and maintenance for the child without justifiable cause during the statutory one-year lookback period.

{¶4} The probate court sent Mother a notice of hearing on the petition for adoption. The parties agree that Mother was served with the notice on March 29, 2022. An attorney from the Legal Defender's Office filed a notice of appearance and objection to the adoption petition on Mother's behalf on June 16, 2022. Mother moved to continue the hearing, and the trial court granted a continuance. The probate court continued the hearing a second time for reasons not clear from the scheduling order.

{¶5} On October 13, 2022, the magistrate held a hearing to determine whether Mother's consent to adoption was required. Petitioner and Mother each presented two witnesses during their cases in chief. On April 6, 2023, the magistrate issued his decision. He addressed the substantive merits of whether Mother had, without justifiable cause, failed to provide support and maintenance for the child and/or failed to have more than de minimis contact with the child during the relevant time period, and found that she had failed in both regards. The magistrate also sua sponte addressed the timing of Mother's filing of her objection to the petition for adoption and found that she had untimely filed it in violation of R.C. 3107.07(K). Accordingly, the magistrate based his finding that Mother's consent to adoption was not required on both substantive and procedural grounds.

{¶6} Mother filed a timely objection to the magistrate's decision, preserving leave to supplement after the transcript had been filed. Her preliminary objection asserted that the magistrate erred in finding that her consent was not necessary. Mother's supplemental objection challenged both the sufficiency of Petitioner's evidence relating to contact, support, and justifiable cause; and the constitutionality of the 14-day time limit in R.C. 3107.07(K) to object to the

adoption petition. The supplemental objection developed a multi-page argument that the statutory time limit violates due process. Petitioner responded in opposition to Mother's objection, addressing both the evidentiary challenges and the constitutional argument.

{¶7} The probate court issued a judgment overruling Mother's objection. The trial court found that Mother's consent to adoption was not required solely because she had failed to file a timely objection to the petition for adoption in violation of R.C. 3107.07(K). The probate court did not address Mother's evidentiary challenges and expressly declined to address the constitutionality of the statute, asserting that the issue had not been "raised below." Mother timely appealed, raising three assignments of error for review. This Court consolidates the assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

PETITIONER'S PROCEDURAL FAILURE TO STRICTLY COMPLY WITH R.C. 3107.07(K) RESULTS IN A DENIAL OF DUE PROCESS[.]

**ASSIGNMENT OF ERROR II**

PETITIONER DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT [MOTHER] FAILED TO HAVE REQUISITE CONTACT WITHOUT JUSTIFIABLE CAUSE.

**ASSIGNMENT OF ERROR III**

PETITIONER DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT [MOTHER] FAILED TO PROVIDE REQUISITE SUPPORT WITHOUT JUSTIFIABLE CAUSE.

{¶8} Mother argues that the probate court erred by finding that her consent to the child's adoption was not required.

{¶9} It is well settled that "'[t]his Court need not reach constitutional challenges that were not timely raised before the trial court.'" *In re Adoption of M.L.M.*, 9th Dist. Summit No.

30512, 2023-Ohio-1876, ¶ 16, quoting *In re N.L.*, 9th Dist. Summit No. 27784, 2015-Ohio-4165, ¶ 51. In this case, however, Mother challenged the constitutionality of R.C. 3107.07(K) after the magistrate relied on it, in part, to find that her consent to adoption was not necessary. Because Mother "properly developed [her] constitutional challenges below, this Court [is] compelled to remand to the probate court for consideration of those issues." *In re Adoption of M.L.M.* at ¶ 16, citing *State v. Holler*, 9th Dist. Wayne No. 21AP0013, 2021-Ohio-4599, ¶ 15-16 (declining to address in the first instance issues "specifically argued" by the defendant below but not addressed by the trial court so as not to usurp the role of the lower court).

{¶10} Moreover, we decline to address Mother's arguments that Petitioner failed to meet her burden of proving by clear and convincing evidence that Mother had failed without justifiable cause to provide support or have more than de minimis contact with the child during the requisite time period. The probate court did not address the adequacy of Petitioner's evidence which "puts this Court in the position of having to determine the merits of [Mother's] arguments in the first instance, which this Court will not do." *S.C. v. T.H.*, 9th Dist. Summit No. 29594, 2020-Ohio-2698, ¶ 10, citing *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12 ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance.").

{¶11} Because the probate court failed to consider the three issues Mother raises on appeal, and which she properly raised below, we must reverse and remand for the trial court to render a determination in the first instance. Mother's three assignments of error are sustained on that basis. *See S.C.* at ¶ 10.

{¶12} This Court takes no position here regarding the propriety of the trial court's raising sua sponte the issue of Respondent-Mother's failure to file a timely objection to the petition for

adoption. Neither do we consider in this appeal whether a petitioner can validly waive the statutory time limit in which a respondent must file an objection to the petition. We reverse and remand for the probate court to render a judgment on the issues Mother raised in her objections to the magistrate's decision which found that her consent to adoption was not required.

III.

{¶13} Mother's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JILL C. CABE, Attorney at Law, for Appellant.

CORINNE HOOVER SIX, Attorney at Law, for Appellee.