[Cite as *In re Adoption of M.L.M.*, 2023-Ohio-1876.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
                          )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE: ADOPTION OF M.L.M.         C.A. No.    30512

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2022 AD 022

DECISION AND JOURNAL ENTRY

Dated: June 7, 2023

SUTTON, Presiding Judge.

{¶1}    Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Probate Division, that found that Father's consent to the adoption of his biological child was not required. This Court affirms.

I.

{¶2}    Mother and Father are the biological parents of M.L.M. (hereinafter M.M.), born October 9, 2014. In a case commenced in the Summit County Court of Common Pleas, Domestic Relations Division, in 2016, the child's maternal grandparents ("Petitioners") obtained legal custody of M.M. On February 28, 2022, Petitioners filed a petition in the probate court to adopt the child. They alleged that neither parent's consent to the adoption was necessary based on the failure without justifiable cause of each to have more than de minimis contact or financially support the child during the prior year.

**{¶3}** On March 21, 2022, the probate court sent a notice of hearing on the petition for adoption to each parent. In Father's statement of the facts and the case, he admits that he was served on that date and that the trial court's docket reflects perfection of service as of March 29. The notice stated in bold capital letters: "If you wish to contest the adoption, you must file an objection to the petition within fourteen days after proof of service of notice of the filing of the petition and of the time and place of hearing is given to you." The notice further included a bold capital letters heading announcing "Right to an attorney." After explaining that the court would appoint counsel for indigent parents "upon [their] timely request[,]" that section advised, "You may request court appointed counsel by calling the Legal Defender's Office at (330) 434-3461 *immediately*." (Emphasis added.)

**{¶4}** On April 14, 2022, Father executed and signed an affidavit of indigency to obtain appointed counsel to represent his interests in the case. On April 26, an attorney filed a notice of appearance on Father's behalf. On April 29, Petitioners filed a motion to find that Mother's and Father's consent to the adoption was not necessary pursuant to R.C. 3107.07(K) based on the failure of both to file an objection to the petition for adoption within 14 days after proof of service. Three days later, Father moved to file his objection to the petition instanter. He separately filed his objection.

**{¶5}** In his objection to the petition for adoption, Father asserted that he had more than de minimis contact with the child and provided for her support within the prior year, or alternatively, that he had justifiable cause for failing to do so. He admitted that, based on having been served with notice of the petition and hearing on March 29, 2022, he had until April 14 to file his objection and that he had failed to do so. Father requested that the probate court nevertheless take notice of his delayed objection due to the appointment of counsel outside the

statutory time limits for filing an objection. Father did not raise any constitutional challenges to the statutory scheme requiring a parent to file an objection to the adoption petition within 14 days of service in his proposed objection.

{¶6} Petitioners moved to strike Father's objection as untimely pursuant to R.C. 3107.07(K). They acknowledged the Ohio Supreme Court's recent decision in *In re Adoption of Y.E.F.*, 163 Ohio St.3d 521, 2020-Ohio-6785, syllabus, which held that equal protection requires the appointment of counsel for indigent parents in adoption proceedings. Petitioners argued, however, that *In re Adoption of Y.E.F.* did not enlarge the statutory 14-day time limit in which a parent must file an objection to the adoption petition.

{¶7} Father filed a memorandum in opposition to both Petitioners' motion to find his consent to adoption unnecessary and motion to strike his objection to the petition. Father admitted that service of notice of the petition and hearing was perfected on him on March 29, 2022, and that he failed to file his objection within 14 days of that service. He argued that striking his objection and, thereby, foreclosing his ability to challenge Petitioners' assertion that his consent to the adoption was not required would constitute a denial of his due process right to a hearing on the issue. Father acknowledged that the Ohio Supreme Court decided *In re Adoption of Y.E.F.* on equal protection grounds rather than due process grounds, but he argued that the court-created right to counsel in adoption cases necessarily affords due process protections to indigent parents through the actions of counsel. He did not clarify how the appointment of counsel further facilitated the due process requirements of notice and opportunity to be heard. Neither did Father make any express argument that the strict application of the 14-day time limit set forth in R.C. 3107.07(K) violated constitutional equal protection. He did not identify a class of persons with whom he might have been similarly situated for equal protection purposes or make any comparisons between R.C.

Chapter 3107 (addressing adoption proceedings in probate court) and R.C. Chapter 2151 or the Ohio Rules of Juvenile Procedure (addressing juvenile court proceedings).

{¶8} Petitioners replied. Addressing Father's due process challenge, they argued that the issue is not the constitutionality of the statute imposing a 14-day time limit in which a parent must file an objection, but rather Father's failure to act upon explicit notice of that time limit in which he could have contested the adoption. Petitioners emphasized Father's admission that he had received notice of the petition and hearing date, that it contained the requisite notice in bold capital letters, and that Father could have simply filed an objection pro se. Moreover, Petitioners asserted that the notice clearly informed Father of his right to counsel, provided the phone number for the Legal Defender's Office, and advised him to contact that office immediately. Petitioners argued that Father's delay in seeking appointed counsel did not constitute excusable neglect and that the Ohio Supreme Court's creation of the right to counsel in adoption cases did not negate or expand the statutory 14-day time limit to file an objection. Citing *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioners acknowledged Father's right to withhold consent to adoption, but argued that the risk of deprivation of that right was reduced by the statutory notice requirement set forth in R.C. 3107.11, which was accorded in this case.

{¶9} The magistrate issued an order ruling on the pending motions. Although the magistrate found that Father undisputedly failed to file his objection to the petition within 14 days of notice, the magistrate interpreted *In re Adoption of Y.E.F.* to indicate a broad desire by the Ohio Supreme Court to protect biological parents' rights in adoption proceedings. Therefore, the magistrate found it "paramount to the interest of justice" to recognize Father's untimely objection to the petition and allow him to participate in the hearing on the issue of the necessity of parental

consent to the adoption. The magistrate denied Petitioners' motion to find Father's consent unnecessary and granted Father's motion to file his objection to the petition instanter.

{¶10} Petitioners moved to set aside the magistrate's order, arguing that the statutory 14-day time limit is clear and unambiguous, legislative intent supports the expeditious resolution of adoption cases, Father's delay in obtaining appointed counsel did not constitute excusable neglect, and this appellate court was then considering the issue of a parent's untimely objection to an adoption petition.

{¶11} In his response in opposition, Father for the first time argued that Petitioners had failed to demonstrate proof of service of notice of the adoption petition and scheduled hearing, notwithstanding his earlier admissions that he had been served as of March 29, 2022. In addition, Father argued that, assuming a service date could be determined, his delay in filing his objection constituted excusable neglect because he had initiated the process of obtaining counsel within the statutory time limit. He did not challenge the constitutionality of the statutory time limit but merely asserted that a parent's fundamental rights include the right to counsel.

{¶12} Petitioners replied, arguing that Father's challenge to service was untimely, based not only on Father's failure to raise the issue of defective service earlier but also on his prior admissions that he had received notice and that his participation in the case constituted a waiver of the service issue. Father responded to Petitioners' reply. He asserted that he was not moving to dismiss the petition pursuant to Civ.R. 12(B)(6) but rather merely requesting that the probate court accept his objection because the service date of the petition, and therefore the date when the 14-day period began to run, were unclear from the record. Alternatively, Father summarily asserted that denying him the opportunity to object to the petition would constitute a denial of due process and equal protection because strict adherence to the 14-day legislative deadline would

unduly and arbitrarily burden him and deny him both the benefit of counsel and the opportunity to exercise his right to parent his child. Father did not develop an argument in support of these due process and equal protection issues, failing both to explain how the time limit deprived him of notice and a hearing in contradiction of due process, and to identify any class of similarly situated individuals for comparison for purposes of equal protection analysis.

{¶13} The probate court stayed the proceedings pending release of this Court's decision in *In re Adoption of G.W.K.*, 9th Dist. Wayne Nos. 22AP0006 and 22AP0007, 2022-Ohio-2620. Thereafter, the probate court issued a judgment granting Petitioners' motion to set aside. The trial court rejected Father's untimely challenge to service of the petition and found that service on Father was completed on March 29, 2022; that Father's participation demonstrated that he had actual notice of the petition and hearing date; and that he failed to object to the petition within the statutory 14-day time limit. Accordingly, the probate court ordered that Father's consent to the child's adoption was not required. The trial court did not recognize any constitutional challenges as pending for consideration and did not address issues relating to due process and equal protection. Father filed a timely appeal and raises three assignments of error for review. This Court consolidates some assignments of error to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR I**

THE PROBATE COURT ERRED TO THE PREJUDICE OF THE APPELLANT FATHER, AND DENIED HIM DUE PROCESS OF LAW, WHEN IT APPLIED R.C. CHAPTER 3107 AND THE RULES OF CIVIL PROCEDURE BECAUSE THE STATUTES DEPRIVE PARENTS PERMANENTLY OF THEIR FUNDAMENTAL RIGHTS WITHOUT THE SAME PROCEDURAL SAFEGUARDS PROVIDED TO PARENTS UNDER R.C. CHAPTER 2151 AND THE RULES OF JUVENILE PROCEDURE.

## ASSIGNMENT OF ERROR II

THE PROBATE COURT ERRED TO THE PREJUDICE OF THE APPELLANT FATHER, AND DENIED HIM EQUAL PROTECTION UNDER THE LAW, WHEN IT APPLIED R.C. CHAPTER 3107 AND THE RULES OF CIVIL PROCEDURE BECAUSE THE STATUTES DEPRIVE PARENTS PERMANENTLY OF THEIR PARENTAL RIGHTS WITHOUT THE SAME PROCEDURAL SAFEGUARDS PROVIDED TO PARENTS UNDER R.C. CHAPTER 2151 AND THE RULES OF JUVENILE PROCEDURE.

{¶14}  In his first two assignments of error, Father appears to argue that R.C. Chapter 3107 and the Ohio Rules of Civil Procedure are unconstitutional as violative of a parent's procedural due process and equal protection because the adoption code and civil rules do not mirror the procedures and protections of R.C. Chapter 2151 and the Ohio Rules of Juvenile Procedure.  This Court declines to address Father's arguments.

{¶15}  Father's brief compares and contrasts the mechanisms within contemporary probate and juvenile law which allow the respective courts to terminate parental rights.  He argues that the procedural protections accorded by probate law are less than those provided in small claims court, so that it is easier for the probate court to sever the parent-child relationship than it is for small claims court to award a plaintiff a $10 judgment.  Father's equal protection challenge bemoans the only recently recognized right to appointed counsel in adoption proceedings established by the Ohio Supreme Court in *In re Adoption of Y.E.F., supra*.  He argues the injustice of the application of the clear and convincing standard of proof necessary to terminate parental rights in juvenile proceedings, while a parent may face the same deprivation of the fundamental right to parent a child in probate by "default" should the parent fail to object to the adoption petition.  Father notes the "procedural inequity" under both juvenile and probate law regarding the respective statutory time periods in which a court may find abandonment by a parent.  Unfortunately, he failed to raise these issues in the trial court, thereby failing to preserve them for appeal.

{¶16} "This Court need not reach constitutional challenges that were not timely raised before the trial court." *In re N.L.*, 9th Dist. Summit No. 27784, 2015-Ohio-4165, ¶ 51. Father made only brief references to due process, even briefer references to equal protection, failed to develop any argument explaining how the statutory time limit in R.C. 3107.07 deprived him of due process and equal protection, and never invoked juvenile law practices or procedures as the necessary standard to pass constitutional muster. Had he properly developed his constitutional challenges below, this Court would have been compelled to remand to the probate court for consideration of those issues. *See State v. Holler*, 9th Dist. Wayne No. 21AP0013, 2021-Ohio-4599, ¶ 15-16 (declining to address in the first instance issues "specifically argued" by the defendant below but not addressed by the trial court so as not to usurp the role of the lower court). However, we conclude that Father did not develop the constitutional issues he attempts to raise on appeal. As such, this Court declines to address them. Father's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE PROBATE COURT ERRED TO THE PREJUDICE OF THE APPELLANT FATHER AND HIS CHILD AND DENIED BOTH OF THEM EQUAL PROTECTION UNDER THE LAW WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM TO SPEAK ON THE CHILD'S BEHALF AND IN THE CHILD'S BEST INTERESTS WHEN THAT IS REQUIRED IN JUVENILE COURT PARENTAL TERMINATION PROCEEDINGS.

{¶17} Father argues that the probate court violated his constitutional right to equal protection when it did not appoint a guardian ad litem to represent the best interest of the child as required in juvenile court proceedings.

{¶18} As in his first two assignments of error, Father failed to challenge the constitutionality of the alleged lack of any provision within R.C. Chapter 3107 requiring the

appointment of a guardian ad litem for a child subject to adoption proceedings. This Court, therefore, declines to address his assigned error. *See In re N.L.* at ¶ 51.

**{¶19}** Moreover, within the context of juvenile law, the best interest of the child is relevant to the determination of a child's custody. *See, e.g.*, R.C. 2151.353(A); R.C. 2151.414(B); *In re B.D.*, 9th Dist. Summit Nos. 30194, 30195, and 30196, 2022-Ohio-1832, ¶ 15. The probate court's judgment determined only that Father's consent to the adoption of M.M. was statutorily not required based on his failure to file a timely objection to the petition. The trial court has not yet determined the matter of the child's custody. Accordingly, assuming without deciding that the appointment of a guardian ad litem for the child would be required for the probate court's determination of the best interest of the child in consideration of the petition to adopt M.M., that issue is not yet ripe for this Court's review. For the above reasons, Father's third assignment of error is overruled.

III.

**{¶20}** Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ALEXANDRA HULL, Attorney at Law, for Appellant.

CALLIE RAY, Attorney at Law, for Appellees.