**[Cite as *In re Adoption of A.W.C.*, 2024-Ohio-2762.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.W.C. | | C.A. No.    24AP0001 |
| | | |
| | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO CASE No.    2023 PB-A 000727 |

DECISION AND JOURNAL ENTRY

Dated: July 22, 2024

SUTTON, Judge.

**{¶1}** Appellant Mother appeals the judgment of the Wayne County Court of Common Pleas, Probate Division, that found that her consent to the adoption of her biological child was not required based on her failure to object to the Appellees-Petitioners' petition for adoption. This Court affirms.

I.

**{¶2}** Mother and Father are the biological parents of A.W.C. ("A.C."), born on June 26, 2014. In 2020, Wayne County Children Services Board filed a complaint in the Wayne County Juvenile Court regarding A.C. and his two siblings. In March 2022, Mother and Father waived their rights to the final dispositional hearing and stipulated that A.C. be placed in the legal custody of his then-foster parents, Mr. and Mrs. C. The juvenile court ordered each parent to pay child support and left visitation in the sole discretion of the legal custodians. By further agreement of the parties, the juvenile court awarded legal custody of the two siblings to a maternal relative.

**{¶3}** On July 3, 2023, Mr. and Mrs. C. (aka "Petitioners") filed a petition to adopt A.C. They alleged that Mother's and Father's consent to adoption was not required pursuant to R.C. 3107.07(A) based on their failures to have contact with or provide support for the child during the one-year period prior to the filing of the petition. The probate court scheduled a hearing on the petition and attempted to notify the parents of the hearing and filing of the petition by certified mail. The post office returned the notices to the probate court as undeliverable based on incorrect addresses for the parents.

**{¶4}** The probate court again attempted to provide the required notification to the parents by certified mail at their current addresses. This time delivery was successful. Father signed for receipt of the notice on August 31, 2023; while Mother signed for receipt of the notice on September 15, 2023. The probate court noted proof of service on Father and Mother on its docket on September 13 and 20, respectively. The notice included the statutory warning in bold, all capital typeface regarding the requirement to file an objection to the petition within 14 days after proof of service of notice if the parent wished to contest the adoption. Father never filed an objection to the petition, and he has not appealed.

**{¶5}** On October 12, 2023, an attorney filed a notice of appearance on behalf of Mother, but no other documents at that time. On October 31, 2023, Mother filed a motion for leave to plead, seeking leave to file an untimely objection to the petition for adoption. In support, Mother asserted that she went to the office of the probate clerk of court within 14 days to ask what she needed to do to make her objection known. She asserted that the clerk did not advise her as to what she should do or that she could apply for appointed counsel. Mother further wrote that she tried to retain counsel but was not immediately successful. She admitted that her retained counsel filed a notice of appearance 21 days after the probate court docketed proof of service of notice on

her. Finally, she asserted that the untimely filing of her objection would not prejudice Petitioners because they were aware that she did not consent to the adoption. Mother failed to challenge the constitutionality of any provisions in the adoption statute.

{¶6} On November 2, 2023, Petitioners moved for an order finding that Mother's and Father's consent to adoption was unnecessary under R.C. 3107.07(K), which obviates the need for the consent of any person who was properly notified of the hearing and filing of the petition yet failed to file an objection within 14 days after proof of notice was filed. Although Mother moved for an extension of time to file a response to Petitioners' motion, and the probate court granted her leave to do so, Mother failed to file a response.

{¶7} Subsequently, the probate court issued a judgment finding that the parents' consent to the adoption of A.C. was not required due to their failures to timely file objections to the petition. Mother timely appealed and raises three assignments of error for review. This Court consolidates some assignments of error. The probate court stayed its judgment pending appeal.

II.

**ASSIGNMENT OF ERROR I**

[R.C.] 3107.07(K) VIOLATES THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, AS APPLIED TO APPELLANT'S CASE AND OTHERS SIMILARLY SITUATED, BY ARBITRARILY DENYING APPELLANT EQUAL PROTECTION AND [HER] DUE PROCESS RIGHT TO BE HEARD AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER ON THE PETITION FOR ADOPTION.

**ASSIGNMENT OF ERROR II**

THE HEARING NOTICE CONTAINED IN [R.C.] 3107.11(B) VIOLATES APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AS THE NOTICE PROVISION IS CONFUSING, MISLEADING AND INACCURATE.

{¶8} Mother argues that R.C. 3107.07(K) and R.C. 3107.11(B) are unconstitutional because the former violates equal protection, and the latter violates due process. This Court declines to address her arguments.

{¶9} It is well settled that we need not reach constitutional challenges on appeal that the appellant failed to timely raise in the trial court. *In re Adoption of M.L.M.*, 2023-Ohio-1876, ¶ 16 (9th Dist.), quoting *In re N.L.*, 2015-Ohio-4165, ¶ 51 (9th Dist.). Mother did not challenge the constitutionality of either statutory provision below. Instead, she moved for leave to file her untimely objection to the adoption petition because the probate clerk of court did not give her advice regarding how to proceed and she was unable to secure retained counsel within 14 days of service of notice. Because Mother did not raise or develop her current constitutional arguments in the probate court, this Court declines to address them now in the first instance. Mother's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE PROBATE COURT ERRED WHEN IT DID NOT CONDUCT A CONSENT HEARING.

{¶10} Mother argues that the probate court erred by failing to hold a consent hearing to determine whether she had a "valid reason" for failing to file a timely objection to the petition for adoption. This Court disagrees.

{¶11} R.C. 3107.07(K) provides that "[c]onsent to adoption is not required" when a "person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code [ ] fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]" Mother admits that she did not file a timely objection. "While the result may be harsh, the plain language of R.C. 3107.07(K) imposes a strict 14-day window in which a parent may file an objection to a petition for adoption after proof

of notice and provides no authority for the probate court to extend that deadline irrespective of whether the trial court might find good cause for an extension." *In re Adoption of G.W.K.*, 2022-Ohio-2620, ¶ 21. Because Mother received proper notice and the probate court had no discretion to entertain an untimely objection to the petition, the trial court did not err by failing to conduct a hearing to determine whether Mother had a "valid reason" for failing to timely object. Mother's third assignment of error is overruled.

## III.

**{¶12}** Mother's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

YU KIM-REYNOLDS, Attorney at Law, for Appellant.

TODD E. CHEEK, Attorney at Law, for Appellees.